[Coös, June, 1885.]

### ERROL v. BRAGG.

SMITH, J. The defendant's cause for complaint seems, from the way the case has been argued, to be, that the referee has not returned a specific finding, as requested, upon the question whether there was any concealment by him of his dealings with the Rich and West notes, and that he has not reported the evidence upon that point. The report of the referee, twice recommitted, was returned into court at the September term, 1881. No exception was taken to the report by reason of the omission of the referee to make a specific finding upon the issue of concealment. Both parties moved for judgment on the report, and the defendant also elected a trial by jury. The court was not asked to rule, and made no ruling, upon the report, but reserved all questions of law raised by the report. The only questions raised by it relate to the admissibility of certain evidence at the hearing before the referee.

1. Upon the hearing the defendent was a witness, and was asked this question: " Did you at any time inform the town of Errol, or the selectmen of the town, that you had used securities of the town to raise money which you had appropriated to your individual use, and which you had not accounted for to the town; and if so, when and to whom was that information communicated?" Ans. "I never did at any time or to anybody." To the admission of this evidence, the defendant excepted. The ground of the exception has not been pointed out. Upon the issue of concealment, the evidence was relevant.

2. The defendant was required, subject to exception, to testify in regard to a note for $300, included in a former suit between these parties, and to give a history of the note. The particular grounds of this exception have not been stated. The case does not show that the evidence was incompetent.

3. The defendant was asked whether one Sanborn testified in a former suit that he paid a certain sum of money to the defendant. The question was excepted to. The answer of the witness, that he did not know what Sanborn testified to, rendered the testimony harmless.

4. One question tried was, whether the claim of the town for the proceeds of the Rich and West notes had been adjudicated in a former suit. If this did not appear from the record, parol evidence was admissible to prove it. It appears that this claim was included

in the specification in the former suit. The plaintiffs contended that it was withdrawn during the trial. It is not claimed that the withdrawal appeared from the record. The testimony of Jordan was therefore competent. For the same reason paper "J," produced by him, was competent, it having been used on the former trial.

5. The defendant moved for a nonsuit upon the ground that the plaintiffs had not shown that the defendant had any of the town's money in his hands. The referee denied the motion, and the defendant excepted. The evidence upon this branch of the case not having been furnished us, we cannot say the motion was not properly denied.

The exceptions are overruled. They do not seem to have been of sufficient importance to warrant the delay and expense of a transfer to the law term.

*Case discharged.*

DOE, C. J., and BINGHAM, J., did not sit: the others concurred.

*Ladd & Fletcher*, for the plaintiffs.

*Aldrich & Remich* and *J. H. Dudley*, for the defendant.